Filed 12/14/21  P. v. Donaldson CA5
Opinion following transfer from Supreme Court

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F075916 |
| Plaintiff and Respondent, | (Super. Ct. Nos. BF167392A, BF166043A, BF166044A) |
| v. | |
| BRIAN LEE DONALDSON, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Kern County.  H. A. Staley, Judge.*

Erin J. Radekin, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Retired Judge of the Kern Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## INTRODUCTION

Defendant Brian Lee Donaldson pled guilty to various charges and enhancements in Kern Superior Court case Nos. BF166043A and BF166044A.[1] In August 2015, the court sentenced defendant in case No. BF166043A to two years for felony possession of methamphetamine for sale, enhanced by an additional three years for a Health and Safety Code former section 11370.2, subdivision (c) enhancement. (Undesignated statutory references are to the Health and Safety Code.) It imposed a concurrent term of 16 months for a violation of Penal Code section 496, subdivision (a) for receiving stolen property. That same day, the court sentenced defendant in case No. BF166044A to eight months for felony possession of methamphetamine for sale, to run consecutively with defendant's sentence in case No. BF166043A. The court imposed a "split sentence" pursuant to Penal Code section 1170, subdivision (h)(5), ordering defendant to serve two years of the five-year eight-month aggregate term in the county jail, then one year in a substance abuse treatment program immediately upon release from the county jail, and the remaining two years eight months on mandatory supervision pursuant to Penal Code section 1170, subdivision (h).

In May 2017, a jury convicted defendant of a separate violation of section 11378, possession of methamphetamine for sale (count 1) and misdemeanor possession of methamphetamine (count 2) in case No. BF167392A. Defendant admitted he had suffered two prior convictions within the meaning of former section 11370.2, and the court dismissed two separate prior conviction allegations pursuant to former section 11370.2, subdivision (c), and two prison prior allegations.

In June 2017, the court sentenced defendant in case No. BF167392A to two years on count 1 plus three years for each of the two former section 11370.2, subdivision (c) enhancements, for a total term of eight years—four to be served in county jail and four to

---

[1]These cases were previously numbered 2014038211 and 2014006902, respectively, before they were transferred from Ventura County to Kern County and renumbered pursuant to Penal Code section 1203.9. We refer to them by their Kern County case numbers.

be served on mandatory supervision. The court also sentenced defendant to 90 days on count 2 and stayed that sentence pursuant to Penal Code section 654.

That same day, the court revoked mandatory supervision in case No. BF166043A and reinstated the original five-year term, three years to be served in county jail and the remainder on mandatory supervision. The court also revoked mandatory supervision in case No. BF166044A and reinstated the original eight-month term to be served on mandatory supervision. The court ordered the terms in case Nos. BF166043A and BF166044A to run consecutive to each other but concurrent to the sentence in case No. BF167392A.

In this consolidated appeal, defendant argued the former section 11370.2, subdivision (c) enhancements imposed in case Nos. BF166043A and BF167392A must be stricken in light of Senate Bill No. 180 (2017–2018 Reg. Sess.) (Senate Bill 180), which narrowed the scope of section 11370.2, subdivision (c) to apply only to prior convictions for narcotics sales involving a minor in violation of section 11380.

In our initial opinion, we concluded defendant was entitled to retroactive application of Senate Bill 180 in case No. BF167392A, but not in case No. BF166043A because that judgment became final before Senate Bill 180 went into effect. This matter is presently before us for reconsideration after the Supreme Court granted defendant's petition for review and returned the matter to this court with directions to vacate our prior opinion and reconsider the cause in light of *People v. Esquivel* (2021) 11 Cal.5th 671 (*Esquivel*).

Notably, after the California Supreme Court's opinion in *Esquivel* issued, Senate Bill 483 was approved by the Governor and filed with the Secretary of State, to be effective January 1, 2022. (Stats. 2021, ch. 728.) Subject to certain exceptions not applicable here, Senate Bill 483 declares legally invalid enhancements imposed before January 1, 2018, pursuant to former section 11370.2, and it states Senate Bill 180 should

retroactively apply "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.)

We now conclude defendant is entitled to retroactive application of Senate Bill 180 in both his cases in light of *Esquivel* and the passage of Senate Bill 483. Accordingly, we remand with directions to the trial court to strike defendant's enhancements imposed pursuant to former section 11370.2, subdivision (c) and to resentence defendant accordingly. In all other respects, we affirm the judgments.

## FACTUAL BACKGROUND

### *June 2015 plea to April 2015 charges (Case No. BF166043A)*

In April 2015, defendant was charged with felony possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and receiving stolen property (Pen. Code, § 496, subd. (a); count 2) (case No. BF166043A). It was further alleged as to each count that defendant committed the offenses while out on bail in another case (Pen. Code, § 12022.1, subd. (b)); and, with respect to count 1, that he had a prior conviction for violating Health and Safety Code section 11378 (former § 11370.2, subd. (c)). Defendant pled guilty to both counts and the related enhancements on June 5, 2015.

### *June 2015 plea to May 2014 charges (Case No. BF166044A)*

In May 2014, defendant was charged with two counts of felony possession of methamphetamine for sale (Health & Saf. Code, § 11378) (case No. BF166044A). It was further alleged as to each count that defendant had a prior conviction for violating section 11378 (former § 11370.2, subd. (c)), and defendant was ineligible for probation because of the same prior conviction (Pen. Code, § 1203.07, subd. (a)(1)).

On June 5, 2015, defendant pled guilty to count 1 and admitted the allegations he had a prior drug sales conviction (former § 11370.2, subd. (c)) and was ineligible for probation because of the prior conviction pursuant to Penal Code section 1203.7.

4.

***August 2015 sentencing hearing (Case Nos. BF166043A and BF166044A)***

The court held a sentencing hearing on multiple matters involving defendant on August 27, 2015 including case Nos. BF166043A and BF166044A and multiple misdemeanor cases. In case No. BF166043A, the court sentenced defendant to the midterm of two years on count 1 (possession of methamphetamine for sale), enhanced by an additional three years for the former section 11370.2, subdivision (c) enhancement. On count 2 (receiving stolen property), the court sentenced defendant to the low term of 16 months, to run concurrently with his sentence on count 1. The court struck the Penal Code section 12022.1, subdivision (b) out-on-bail enhancement allegation.

In case No. BF166044A the court sentenced defendant to eight months (one-third the midterm) on count 1 (possession of methamphetamine for sale) pursuant to Penal Code section 1170, subdivision (h), to be served consecutively to defendant's sentence in case No. BF166043A. The court struck the former section 11370.2, subdivision (c) prior conviction enhancement.

The court imposed a "split sentence," ordering defendant to serve two years of the aggregate term of five years eight months in the county jail, then one year in a substance abuse treatment program immediately upon release from the county jail, and the remaining two years eight months on mandatory supervision pursuant to Penal Code section 1170, subdivision (h).

On January 25, 2016, defendant admitted violating his mandatory supervision by failing to complete the substance abuse treatment program. The court ordered defendant to serve the one year he was to serve in the treatment program in county jail.

***May 2017 jury trial on March 2017 charges (Case No. BF167392A) and revocation of mandatory supervision on previous charges***

In March 2017, defendant was charged with felony possession of methamphetamine for sale (§ 11378, count 1) and misdemeanor possession of methamphetamine (§ 11377, count 2) (case No. BF167392A). It was further alleged as to count 1 that defendant had suffered three prior convictions for violating section 11378

5.

(former § 11370.2, subd. (c)), and that defendant had served two prior prison terms within the meaning of Penal Code section 667.5, subdivision (b). As a result of the new charges, the court was notified defendant was in violation of the terms of his mandatory supervision in case No. BF166043A.

Jury trial commenced in case No. BF167392A on May 24, 2017. Two days later, defendant admitted he had suffered two prior convictions within the meaning of section 11370.2, and the court dismissed the remaining prior conviction allegation pursuant to section 11370.2, subdivision (c) and the prison prior allegations. The jury convicted defendant of the two charged counts.

On June 29, 2017, the court denied probation and sentenced defendant to the middle term of two years on count 1 plus three years for each of the two section 11370.2, subdivision (c) enhancements, for a total term of eight years: four years to be served in custody and four years to be served on mandatory supervision. The court also sentenced defendant to 90 days on count 2 and stayed that sentence pursuant to Penal Code section 654. Defendant filed a notice of appeal that same day.

Also on June 29, 2017, the court revoked mandatory supervision in case No. BF166043A and reinstated the original five-year term, three years to be served in county jail and the remaining two years on mandatory supervision. The court also revoked mandatory supervision in case No. BF166044A and reinstated the original eight-month term with no modification, to be served on mandatory supervision. The court ordered the terms in case Nos. BF166043A and BF166044A to run consecutive to each other but concurrent to the sentence in case No. BF167392A. Our court ordered these cases to be consolidated for purposes of appeal.

## DISCUSSION

### I.    Senate Bill 180

Former section 11370.2, subdivision (c) provided for three-year sentence enhancements for many drug-related prior convictions. (Stats. 1998, ch. 936, § 1, eff.

Sept. 28, 1998.)  Effective January 1, 2018, Senate Bill 180 narrowed the scope of section 11370.2, subdivision (c), eliminating the three-year enhancements for drug-related prior convictions except where the prior conviction was for narcotics sales involving a minor in violation of section 11380, an exception not applicable to defendant's case.  (Stats. 2017, ch. 677, § 1, eff. Jan. 1, 2018; see § 11370.2.)

## II. The Section 11370.2, Subdivision (c) Enhancements Imposed in Case No. BF167392A Must Be Stricken in Light of Senate Bill 180 and the Matter Remanded for Resentencing

Defendant first argues the section 11370.2, subdivision (c) enhancements imposed in case No. BF167392A must be stricken and the matter remanded for resentencing because Senate Bill 180 became effective before judgment in that case became final.  The People concede Senate Bill 180 applies retroactively to case No. BF167392A under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), and the matter should be remanded for resentencing with instructions the section 11370.2 enhancements must be stricken.  They note, upon remand, the trial court has jurisdiction to modify every aspect of defendant's sentence on the counts that are affirmed and that Proposition 47, the Safe Neighborhoods and Schools Act, does not require that a defendant's total sentence be shortened.

Under *Estrada*, "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed" if the amended statute takes effect before the judgment of conviction becomes final.  (*Estrada*, *supra*, 63 Cal.2d at p. 748; see *id.* at p. 744.)  "The *Estrada* rule rests on the presumption that, in the absence of a savings clause providing only prospective relief or other clear intention concerning any retroactive effect, 'a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.'"  (*People v. Buycks* (2018) 5 Cal.5th 857, 881–882 (*Buycks*), quoting *People v. Conley* (2016) 63 Cal.4th 646, 657.)  "'The rule in *Estrada* has been applied to statutes governing penalty enhancements, as well as to statutes governing

7.

substantive offenses.'" (*Buycks*, *supra*, at p. 882, quoting *People v. Nasalga* (1996) 12 Cal.4th 784, 792.)

Senate Bill 180 contains no statement regarding retroactivity, and its amendment to section 11370.2 was an ameliorative change in the law. Thus, we agree with the parties that it applies retroactively to nonfinal judgments under *Estrada*. Furthermore, as discussed in more detail *post*, Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), to be effective January 1, 2022, expressly provides Senate Bill 180 should retroactively apply to both final and nonfinal judgments. (Stats. 2021, ch. 728, § 1.)

Here, defendant filed a timely notice of appeal in case No. BF167392A and his appeal was pending when Senate Bill 180 was enacted and took effect. Accordingly, pursuant to *Estrada*, defendant may seek the benefit of Senate Bill 180 because judgment in that case is not yet final—it has not yet reached final disposition in the highest court authorized to review it. Thus, he is entitled to remand in case No. BF167392A and to have the related section 11370.2 enhancements imposed in that case stricken. Upon remand, "'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks*, *supra*, 5 Cal.5th at p. 893.) However, the court must abide by the parameters for resentencing articulated in Senate Bill 483.

### III. Defendant Is Also Entitled to Retroactive Application of Senate Bill 180 to His Sentence in Case No. BF166043A

Defendant next argues the sentence enhancements imposed pursuant to former section 11370.2, subdivision (c) in case No. BF166043A must also be stricken because judgment is not yet final and *Estrada* principles apply to permit him to seek the benefit of Senate Bill 180. He notes, though the court sentenced him in August 2015, because the court retained discretion to modify the original sentence, judgment is not yet final. He further argues a certificate of probable cause is not necessary to challenge his sentence or, if one is deemed necessary, he should be permitted to seek one in the interest of justice. The People initially argued defendant was not entitled to any relief in case

8.

No. BF166043A because this case was final for *Estrada* purposes 60 days after the court imposed the split sentence in August 2015.  Furthermore, they asserted defendant's failure to obtain a certificate of probable cause precluded a challenge to the validity of his plea.  Alternatively, they contended any remand would subject defendant's plea bargain to reapproval or rejection by the court pursuant to Penal Code section 1192.5.  However, they now concede defendant is entitled to a remand for resentencing in light of the passage of Senate Bill 483.  We previously agreed with the People that judgment in case No. BF166043A became final for *Estrada* purposes 60 days after the court imposed the split sentence in August 2015.  However, in light of our Supreme Court's guidance in *Esquivel* and the passage of Senate Bill 483, we revise our earlier analysis and conclude defendant is also entitled to retroactive relief in this case.

First, defendant did not need a certificate of probable cause to seek retroactive application of Senate Bill 180 to his sentence in case No. BF166043A.  (See *People v. Stamps* (2020) 9 Cal.5th 685, 698.)  He is not looking to put aside or withdraw his plea, nor does he claim the plea was invalid when made.  (*Ibid.*)  Rather, he seeks relief based on a subsequent ameliorative change in the law.  (*Ibid.*)  Thus, he does not require a certificate of probable cause. (*Ibid.*)

And the California Supreme Court's recent decision in *Esquivel* establishes judgment is not yet final in case No. BF166043A for *Estrada* purposes.  Specifically, the *Esquivel* court clarified "a matter is not 'final' for [retroactivity] purpose[s] merely because the defendant has already been sentenced."  (*Esquivel*, *supra*, 11 Cal.5th at p. 676.)  Rather, the *Esquivel* court held, "a case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final for [*Estrada*] purpose[s] if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect."  (*Id.* at p. 673.)  This is because, for purposes of the *Estrada* presumption, the "'criminal prosecution or proceeding' brought against defendant was not complete when the ameliorative

9.

legislation at issue took effect." (*Id.* at p. 678.) Accordingly, the *Esquivel* defendant's case, in which he had pleaded guilty to a felony and admitted two prior prison terms, for which he received a sentence of three years' imprisonment for the felony and one additional year for each of the two priors, was not yet final when his probation was revoked and his stayed sentence was ordered to be executed. (*Id.* at pp. 673, 678.) Thus, ameliorative legislation that took effect during the pendency of his appeal from the revocation order was presumptively applicable, where he had not exhausted direct review of the revocation order, time for him to seek that review had not expired, and he had not successfully completed probation as of the date ameliorative legislation took effect. (*Id.* at pp. 678, 680.)

Here, in August 2015, the court imposed a split sentence in case Nos. BF166043A and BF166044A pursuant to Penal Code section 1170, subdivision (h)(5), meaning the sentence was to be served "partly in county jail and partly under the mandatory supervision of the county probation officer."[2] (*People v. Scott*, *supra*, 58 Cal.4th at pp. 1418–1419.) The court revoked defendant's mandatory supervision in June 2017 and Senate Bill 180 went into effect in January 2018. Defendant's notice of appeal in case No. BF166043A was deemed constructively filed in July 2017; thus, his direct appeal was deemed pending when Senate Bill 180 went into effect.[3] Accordingly, the "'criminal prosecution or proceeding' brought against defendant was not complete when the ameliorative legislation at issue took effect"; so, defendant is entitled to its benefit. (*Esquivel*, *supra*, 11 Cal.5th at p. 979.)

----

[2]In 2011, the Legislature enacted the Criminal Justice Realignment Act of 2011, under which certain "low-level felony offenders … no longer serve their sentences in state prison" but instead "serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer." (*People v. Scott* (2014) 58 Cal.4th 1415, 1418–1419.)

[3]Pursuant to that order, defendant's notice of appeal in case No. BF167392A was deemed to be the constructive notice of appeal from the judgment in case No. BF166043A, and case Nos. BF166043A and BF166044A were ordered to be consolidated with the appeal of case No. BF167392A.

In supplemental briefing filed after this matter was transferred back to us in light of *Esquivel*, the parties disputed the proper remedy. The People referred us to the remedy in *People v. Barton* (2020) 52 Cal.App.5th 1145 in which our court held,

> "By retroactive application of Senate Bill 180, certain terms of the plea agreement are no longer authorized by law. The parties can modify the agreement to eliminate the provisions involving former section 11370.2, which would be the functional equivalent of having the trial court strike the enhancements, but the court is not obligated to approve the agreement as so modified. The parties can also renegotiate the agreement, subject to the trial court's approval, or they can proceed to trial on reinstated charges. Therefore, we reverse the judgment and remand for further proceedings." (*Barton*, at p. 1150.)

Defendant argued his case was distinguishable from *Barton* because he entered an open plea rather than entering into a stipulated plea agreement. So, there was no agreement or bargained-for terms between defendant and the court. He argued in this case, the court should simply strike the three-year enhancement pursuant to its power under Penal Code section 1260. As discussed *post*, the People rescinded their argument regarding the proposed remedy in subsequent letter briefing in light of the passage of Senate Bill 483.

First, we agree defendant's case is distinguishable from one in which a defendant entered into a stipulated plea agreement. Defendant entered an open plea. Thus, no promises or representations were made regarding the sentence he would receive. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 381, fn. 4 ["An open plea is one under which the defendant is not offered any promises"].) Accordingly, striking the invalid enhancements in this case does not contravene a plea bargain for a specified term. (Cf. *People v. Stamps*, *supra*, 9 Cal.5th at p. 700.)

Here, pursuant to defendant's pleas, he could have been sentenced to county jail and/or home detention for a maximum of eight years eight months in case No. BF166043A and six years eight months in case No. BF166044A. The matter of sentencing was left to the discretion of the trial judge, and the open plea agreement contemplated a range of possible sentencing outcomes. Defendant's plea permitted, but

11.

did not require, the court to strike his former section 11370.2 enhancements. In fact, the court struck the former section 11370.2 enhancement in case No. BF166044A. Under these circumstances, striking the three-year former section 11370.2 enhancement in case No. BF166043A would not be inconsistent with the open plea agreement. The sentence would stay within the range of possible outcomes agreed to by the parties. Thus, striking the enhancement while preserving the plea deal does not deprive the People of the benefit of their bargain, or require the court to unilaterally restructure the terms of a plea deal. (See *People v. Henderson* (2021) 67 Cal.App.5th 785, 789.)

Furthermore, after the parties submitted their first round of supplemental briefing and the California Supreme Court's opinion in *Esquivel* issued, Senate Bill 483 was approved by the Governor and filed with the Secretary of State, to be effective January 1, 2022. (Stats. 2021, ch. 728, § 1.) This legislation, in relevant part, declares legally invalid enhancements imposed before January 1, 2018, pursuant to former section 11370.2 (except for any enhancement imposed for a prior conviction of violating or conspiring to violate § 11380). (Stats. 2021, ch. 728, § 2.) It states Senate Bill 180 should retroactively apply "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) Importantly, the bill expressly states the Legislature's intent "that any changes to the sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement." (*Ibid.*)

In a subsequent supplemental letter brief, the People concede defendant is entitled to remand for resentencing of both his newer and older cases pursuant to Senate Bill 483. They acknowledge they initially argued the enhancements imposed pursuant to a plea bargain could not simply be "lopped off given the restrictions of Penal Code section 1192.5." However, they conclude Senate Bill 483 "will trump that argument and specifically provides that it is the Legislature's intent that ameliorative changes resulting from [Senate Bill] 180 should not be the basis for the court or the prosecutor to rescind a

12.

plea agreement. As such [the People] no longer advance[] this argument." They further note, though the legislation is not set to take effect until January 1, 2022, defendant's case will not be final until after the new law's effective date. So, the new law may be applied early to defendant's cases in the interest of judicial economy. In his supplemental letter brief, defendant agrees with the People regarding the effect of Senate Bill 483 and he asks us to strike the section 11370.2 enhancements and remand all three of his cases to the trial court for a full resentencing.

Accordingly, whether the judgment in case No. BF166043A is final and whether defendant entered into a stipulated plea agreement or open plea are largely irrelevant because, pursuant to the express language of the new law, even if the judgment was final and the section 11370.2 enhancements were part of a plea agreement, the court would still be required to strike these sentence enhancements without permitting the prosecutor the opportunity to rescind the plea agreement or the court to withdraw its approval. (Cf. *People v. Stamps*, 9 Cal.5th at p. 701 ["The Legislature may have intended to modify the sentencing scheme, but the legislative history does *not* demonstrate any intent to overturn existing law regarding a court's lack of authority to unilaterally modify a plea agreement"].)

Additionally, Senate Bill 483 mandates the defendant be resentenced. The new sentence must be lesser than the one originally imposed unless the court finds by clear and convincing evidence imposing a lesser sentence would endanger public safety. (Stats. 2021, ch. 728, § 2.) Relevant here, unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation justifying imposition of a term of imprisonment exceeding the middle term and those facts have been stipulated to by defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (*Ibid.*)

In case No. BF166043A, the court originally sentenced defendant to the midterm of two years on count 1 (possession of methamphetamine for sale), enhanced by an

additional three years for the former section 11370.2, subdivision (c) enhancement, and the low term of 16 months on count 2 (receiving stolen property) to run concurrently with his sentence on count 1.  The court struck the Penal Code section 12022.1, subdivision (b) out-on-bail enhancement allegation.

We remand for the court to strike the invalid enhancement.  Upon remand, "'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.'" (*Buycks*, *supra*, 5 Cal.5th at p. 893.) However, in accordance with Senate Bill 483, the court is directed to resentence defendant to a lesser sentence than the one originally imposed, unless the court finds by clear and convincing evidence imposing a lesser sentence would endanger public safety.

## DISPOSITION

Case Nos. BF167392A, BF166043A, and BF166044A are remanded with directions to the trial court to strike the former section 11370.2, subdivision (c) enhancements and to resentence defendant in accordance with the guidelines in Senate Bill 483.  In all other respects, the judgments are affirmed.

PEÑA, J.

WE CONCUR:


POOCHIGIAN, Acting P.J.


DESANTOS, J.

14.